No. 35,457

Joseph A. Schmitz, *Appellee*, v. Frank Engler, *Appellant*.

(126 P. 2d 235)

Opinion filed June 6, 1942.

*J. O. Emerson,* of Kansas City, argued the cause, and *Fred Robertson* and *Edward M. Boddington,* both of Kansas City, were on the briefs for the appellant.

*J. Willard Haynes,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been sustained when a taxicab being driven by plaintiff collided with an automobile being driven by defendant. The trial court struck out certain portions of the answer. Defendant has appealed on the theory that this action of the trial court deprived him of his right to plead the defense of contributory negligence.

As alleged in the petition, the collision occurred on Minnesota avenue in Kansas City, Kan., about 5:30 in the morning on October 31. That is the main street of the city and runs east and west. Tenth street runs north and south and intersects Minnesota avenue. The first east-and-west street north of Minnesota avenue is State avenue. An alley runs east and west between State and Minnesota. The Victory Cab Company had a parking lot and place of business at the southwest corner of State avenue and Tenth street, extending from State avenue south to the alley. Across the alley to the south there was a parking lot of the Granada theater, which extended from the alley south to Minnesota avenue and had an exit to the south to Minnesota avenue. All the streets and alleys mentioned were paved. The plaintiff left the cab station on State avenue and drove south across the alley and through the parking lot of the Granada theater and onto the north side of Minnesota avenue at the exit. As he

crossed the north sidewalk of Minnesota avenue the motor of his cab stopped and the cab coasted south into the north half of Minnesota avenue until its front wheels reached a point approximately two feet north of the north streetcar rail in that street and remained in that position for approximately two minutes while plaintiff was endeavoring to start his motor. It was dark and raining, but Minnesota avenue was well illuminated.

The petition then alleged that the defendant was driving his car west on Minnesota avenue on the north side of the street at a dangerous rate of speed, that is, thirty-five miles an hour, and while the plaintiff was in the position described defendant drove his automobile into the automobile of plaintiff, injuring him.

The petition alleged that the defendant was negligent in driving at a high rate of speed exceeding the speed limit for the business district of Kansas City, Kan.; in failing to keep a sharp lookout; driving his automobile without due caution; in failing to observe the position of plaintiff so as to avoid the collision; in operating his car so speedily that he could not exercise control over it; in failing to turn out and avoid the collision; in failing to pass to the south of the plaintiff; in failing to have his car equipped with brakes, and in failing to use his brakes.

The petition alleged also that the defendant saw the plaintiff, or could by the exercise of ordinary care have decreased the speed or stopped in time to turn out to avoid striking him, and that the defendant negligently failed to use ordinary care in keeping a sharp lookout and should have seen the plaintiff was in peril, and negligently failed to use ordinary care to avoid the collision.

The defendant filed an answer in which he alleged, first, a general denial.

For a second defense, defendant alleged, first, that during the time that the taxicab stood still on Minnesota avenue, plaintiff by the exercise of ordinary care could have seen the defendant approaching and could have gotten out of the taxicab and put himself in a place of safety before the collision occurred. This defense also pleaded that the plaintiff could by the exercise of ordinary care have caused the taxicab to move backward downgrade toward the north curb of Minnesota avenue and thereby have avoided the collision.

The trial court struck out the defense to the effect that plaintiff could have let his car coast back. The final sentence of this defense was that this negligence was the proximate cause of the injury plain-

tiff received. This sentence referred to all of the allegations of this defense.

Defendant argues it was error for the court to strike out this portion of his answer. The question with which we are confronted was whether or not the defendant was entitled to prove the matters set out in this defense as a part of the facts and circumstances surrounding the collision. Not every decision made by one who finds himself in a position of peril, where the decision results in his injury, is contributory negligence. We hold that whether circumstances such as described in this answer constituted contributory negligence is a question of fact. Whether or not it should be submitted to the jury would depend altogether on what actually developed during the trial of the action. See *Spear v. City of Wichita,* 113 Kan. 686, 216 Pac. 305, and many other cases.

As a third defense, the defendant admitted the location of the streets, as pleaded in the petition, also that plaintiff drove his taxicab across the walk and into Minnesota avenue and that its motor stopped as the cab crossed the sidewalk. He alleged, however, that the cab coasted farther south toward the middle of the street than was alleged in the petition; that plaintiff turned it to his left, or to the east, into the line of westbound traffic and he denied that the cab stood in that position a longer length of time than one second. So much of the third defense was allowed to stand. The defense answer then proceeded to allege that the parking lot, out of which the plaintiff drove, was maintained by the owner of the theater for the use of its patrons in the afternoons and evenings, but not in the mornings, and if the plaintiff used this parking lot to go onto Minnesota avenue he was a trespasser; that he should have driven his cab from the parking lot of the company onto State avenue and thence to his destination, or that he should have driven it along the east-and-west alley between State and Minnesota and thence to the public streets; that either one of those routes would have been easy and safe; that the route which he did take was an unusually dangerous one on account of various circumstances that were set out. The answer further alleged that the plaintiff allowed his taxicab to coast into Minnesota avenue and immediately turned it against the traffic without giving any signal of his intention so to do, and if he had continued on south or turned to the west he could have stopped his automobile in time to avoid a collision. The answer then alleged that the negligence of the plaintiff in taking the more dangerous

route was the proximate cause of the collision, in turning it to the east without giving a signal and in failing to stop his cab before coasting into the path of defendant's car. All the foregoing matter was stricken from the answer. Defendant argues that this was error. We fail to see anything in these allegations other than what defendant claims were the facts and circumstances surrounding the collision constituting contributory negligence on the part of the plaintiff.

As has been heretofore said, in the discussion of the matter that was stricken from the second defense we are not called upon to say that these allegations were an absolute defense to the action. Just what they will be remains to be seen when the case is tried and the evidence upon which the defendant relies to support these allegations is produced. There will be a time in the course of the action when the trial court will decide which of these allegations are sufficiently supported by evidence to warrant being submitted to the jury under proper instruction as to contributory negligence.

For a fourth defense, the defendant denied that the taxicab stood on Minnesota avenue for longer than one second and this much of the answer was let to stand. The defendant then alleged that the parking lot, out of which the plaintiff drove, was maintained by the theater for parking purposes and was only used in the evenings and afternoons; that neither the plaintiff nor any driver of the cab company had any right to use it as a driveway to Minnesota avenue; that the cab company had used in its taxicab business a large number of taxicabs and had grounds on the place described heretofore in this opinion and that there was an alley between the parking lot mentioned by the taxicab company and the one mentioned by the theater company; that the taxicab company had made a practice of using the parking lot of the theater and that this constituted an unnecessary danger to traffic on Minnesota avenue and was a nuisance, and as so carried on by plaintiff contributed to the collision of the vehicle in question. This matter was stricken out by the trial court. Defendant argues this was error. We have concluded that the same reason applies to this as applies to the other two. The motion to strike should have been overruled.

The ruling of the trial court sustaining plaintiff's motion to strike is reversed with directions to proceed with the trial of the action in accordance with the views herein expressed.